Jay Parmelee, #034477
Jay@DentonPeterson.com
Dustin Romney, 034728
DRomney@DentonPeterson.com



1930 N. Arboleda Road, Suite 200
Mesa, Arizona 85213
Telephone: (480) 325-9900
Facsimile: (480) 325-9901
https://arizonabusinesslawyeraz.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| David Memmoli, an individual, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Loyal Source Government Services, a Florida limited liability company, | (Civil Rights; Sex Discrimination) |
| Defendant. | |

For his complaint against Defendant, Plaintiff alleges as follows:

## PARTIES

1.      David Memmoli is an individual who, at all times relevant hereto, was a resident of Maricopa County, Arizona.

2.      Loyal Source Government Services is a limited liability company organized and existing under the laws of the State of Florida and is registered to and doing business in the State of Arizona.

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 because the claims asserted herein arise, *inter alia*, under Title VII of the Civil Rights Act of 1964.

/ / /

1

4.      This Court has supplemental jurisdiction over Plaintiff's claim under the Arizona Civil Rights Act pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution

5.      Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) and 42 U.S.C. § 2000e-5(f)(3) because Defendant maintains offices in this district and conducts business in this district, and employment records relevant to those practices are believed to be maintained and administered here.

6.      This Court has personal jurisdiction over the Defendant as it maintains offices in this district and does business in this district.

7.      Plaintiff exhausted his administrative remedies and received his "right to sue" letter on August 24, 2021. That letter is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

8.      Plaintiff is a male nurse practitioner with more than 14 years of experience.

9.      Defendant contracted with U.S. Customs and Border Patrol ("Border Patrol") to provide health care screenings and basic care for undocumented immigrants.

10.      On or about November 3, 2020, Plaintiff was hired by Defendant and was assigned to work at a Border Patrol facility in Casa Grande, Arizona.

11.      On or about the same date, Defendant undertook training and orientation at the Border Patrol Facility in Casa Grande, Arizona.

12.      Plaintiff was the only male nurse in his training class.

13.      On or about November 6, 2020, Plaintiff attended a mandatory online sexual harassment seminar presented by Deborah Joachim, an agent or employee of Defendant.

14.      During the seminar, Ms. Joachim asked questions to the class regarding how one would best handle different scenarios. Plaintiff responded to one such question.

15.      Ms. Joachim belittled Plaintiff's answer by stating, "Is this a joke, Da – vid," emphasizing Plaintiff's name and thereby insinuating that his answer to the question was without merit simply because Plaintiff is a male.

DENTON PETERSON DUNN
ATTORNEYS · COUNSELORS · AT · LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213
DPD

16.     Ms. Joachim then went on to give the class a recommended response to the question. When she finished with her recommended response she stated in a belittling tone, "And that's what you should do, David Memmoli."

17.     During a question-and-answer period at the end of the seminar, Plaintiff sent a message to Ms. Joachim attempting to explain his intention in the answer he gave. Ms. Joachim responded that the conversation should be had at another time but she never attempted to talk to Plaintiff regarding the issue.

18.     Feeling embarrassed and not wanting his co-workers to have a negative impression of him, Plaintiff approached his immediate supervisor, Tammy Radford – an employee or agent of Defendant, for suggestions on how to proceed.

19.     Ms. Radford was dismissive of Plaintiff's concerns and downplayed the impact the episode had on him professionally and emotionally.

20.     Later that afternoon, Ms. Joachim left Plaintiff voicemail stating that she understood his answer at the seminar and that there was no confusion. However, no one in the seminar audience was able to hear that clarification nor did Ms. Joachim apologize for her behavior.

21.     Later that evening, Ms. Radford called Plaintiff to inform him that he would need further training for the nurse practitioner position. Having been a nurse practitioner for more than 14 years, Plaintiff was confused why he needed further training and no direct answer was provided to him.

22.     On or about November 9, 2020, Plaintiff reported for further training. When he arrived, Ms. Radford and her supervisor Leilani Salazar – an employee or agent of Defendant, called Plaintiff into a separate room. Ms. Radford and Ms. Salazar presented Plaintiff a sheet that listed infractions allegedly committed by Plaintiff. Plaintiff protested and pointed out that his female coworkers were doing the same things that he was being cited for. For example, one of the alleged infractions was being on his phone. However, all of Plaintiff's female co-workers were on their phones just as frequently or more frequently as Plaintiff and during similar time.

DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

23.     Ms. Radford and Ms. Salazar also alleged that certain border patrol officers had expressed concerns about Plaintiff's performance. However, when Plaintiff confronted the Border Patrol liaison about the allegations, the officer had no knowledge of any complaint about Plaintiff and stated to him, "I can assure you that none of the officers have said anything about [Plaintiff]." In fact the officer was angered by the allegations and explained that the border patrol officers have little to no interaction with the medical staff.

24.     Following the meeting with Ms. Radford and Ms. Salazar, Plaintiff continued performing his duties under the supervision of one Ms. Goodridge. Ms. Goodridge had been the individual who recommended more training for Plaintiff. However, after observing Plaintiff further, Ms. Goodridge acknowledged that Plaintiff knew what he was doing.

25.     On or about November 13, 2020, Plaintiff asked his other female trainer, name not recalled, if there were any issues or concerns with his performance. The trainer became frustrated with being asked about the situation and stated that she did not want to be involved with any controversy.

26.     Immediately after lunch on that same day, Ms. Radford and Dorothy Mendoza – an employee or agent of Defendant, asked to speak with Plaintiff. Plaintiff explained that under advice of counsel, because of the sexually discriminatory conduct heretofore alleged, all encounters with management needed to be recorded and witnessed. At that, Ms. Mendoza stated, "Well in that case, give me your badge and I'll escort you out."

27.     Plaintiff was thus terminated by Defendant.

## COUNT I

### (Employment Discrimination in Violation of Title VII)

28.     Plaintiff realleges incorporates by reference all previous allegations in this Complaint as though fully set forth herein.

29.     28 U.S.C. § 2000e-2(a) states that it is "an unlawful employment practice for an employer-- (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or

DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

privileges of employment, because of such individual's race, color, religion, sex, or national origin."

30.    Plaintiff was subjected to an adverse term of employment including discrimination, false discipline, retaliation, hostile work environment, and termination because of his sex.

31.    Other similarly situated employees were not male were treated more favorably than Plaintiff.

32.    Defendant is vicariously liable for the discriminatory actions taken by its employees including Ms. Joachim, Ms. Radford, Ms. Salazar, Ms. Mendoza, and Ms. Goodridge among others possibly unknown to Plaintiff.

33.    As a direct and proximate result of Defendant's unlawful termination of Plaintiff, Plaintiff has suffered damages in the form of lost wages and benefits, emotional distress and loss of future employment prospects.

## COUNT II

### (Retaliation in Violation of Title VII)

34.    Plaintiff realleges incorporates by reference all previous allegations in this Complaint as though fully set forth herein.

35.    Title VII of the Civil Rights Act prohibits an employer from taking any adverse action against an employee for engaging in a practice the statute protects.

36.    Plaintiff requested witnesses and/or recording of his interactions with management when they asked to speak with him.

37.    Such request is protected by Title VII.

38.    As a result of Plaintiff's request, he was immediately terminated in violation of Title VII.

39.    As a direct and proximate result of Defendant's unlawful termination of Plaintiff, Plaintiff has suffered damages in the form of lost wages and benefits, emotional distress and loss of future employment prospects.

/ / /

DENTON PETERSON DUNN
ATTORNEYS · COUNSELORS · AT · LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

DPD   DENTON PETERSON DUNN
ATTORNEYS · COUNSELORS · AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

## COUNT III

## (Wrongful Termination in Violation of Public Policy)

40.     Plaintiff realleges and incorporates by reference all previous allegations in this Complaint as though fully set forth herein.

41.     Pursuant to A.R.S. § 23-1501(A)(3)(b)(i), the legislature has declared it to be the public policy of the State of Arizona that an employee has a claim against an employer for termination of employment if that employer violated the civil rights act prescribed in title 41, chapter 9 of the Arizona Revised Statutes.

42.     Plaintiff was discriminated against, harassed by, and retaliated against by Defendant on the basis of his sex in violation of the ACRA.

43.     Defendant is liable for the intentional acts and omissions of its agents and employees.

44.     Plaintiff has been made to suffer loss of employment and future employment opportunities, and loss of wages and benefits as the direct and proximate result of Defendant's violation of his civil rights as alleged herein.

## COUNT IV

## (Breach of the Covenant of Good Faith and Fair Dealing)

45.     Plaintiff realleges and incorporates by reference all previous allegations in the Complaint as though fully set forth herein.

46.     Plaintiff and Defendant entered into an employment contract whereby Plaintiff agreed to perform services for Defendant and Defendant agreed to pay wages to Plaintiff.

47.     A covenant of good faith and fair dealing is implied in every contract in Arizona, which prevents a party from acting in such a manner as to deny the other party the benefit of the bargain.

48.     Plaintiff performed all his obligations under the employment contract.

49.     Defendant breached the covenant of good faith and fair dealing by, *inter alia*, discriminating against Plaintiff on the basis of his sex, creating a hostile work environment, and retaliating against Plaintiff when he simply asked to record his conversation with managers.

50.     As a direct and proximate result of Defendant's breaches, Plaintiff has incurred damages in an amount to be proven at trial.

51.     Because this matter arises out of contract, Plaintiff is entitled to an award of his reasonable attorney's fees pursuant to A.R.S. § 12-341.01 and/or all other applicable contractual, statutory, and legal authority, and her taxable costs pursuant to A.R.S. § 12-341.

WHEREFORE, having sufficiently pleaded his causes of action, Plaintiff prays for the following relief:

A. An award of damages for each count in an amount to be proven at trial;

B. An award of compensatory and punitive damages in an amount to be proven at trial;

C. An award of reasonable attorneys' fees and costs

D. For such other relief as the Court deems just and proper.

### **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues.

RESPECTFULLY SUBMITTED this 22nd day of October, 2021.

**DENTON PETERSON DUNN, PLLC**

/s/ Jay Parmelee
Jay Parmelee
Dustin Romney
1930 N. Arboleda Road, Suite 200
Mesa, AZ  85213
*Attorneys for Plaintiff*

# EXHIBIT A

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **David Memmoli**
**815 N 52nd St Apt 1031**
**Phoenix, AZ 85008**

From: **Phoenix District Office**
**3300 North Central Ave**
**Suite 690**
**Phoenix, AZ 85012**

|  | *On behalf of person(s) aggrieved whose identity is* *CONFIDENTIAL (29 CFR §1601.7(a))* |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative **Robin Campbell,** | Telephone No. |
|---|---|---|
| **35A-2021-00167** | **State, Local & Tribal Program Manager** | **(602) 661-0041** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

|  | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|  | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|  | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
|  | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
|  | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
| **X** | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
|  | Other *(briefly state)* |

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

August 24, 2021

Enclosures(s)

**Elizabeth Cadle,**
**District Director**

*(Date Issued)*

cc:
**HR Director**
**Loyal Source Government Services**
**12612 Challenger Pkwy Ste 365**
**Orlando, FL 32826**

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*